# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN LATORRACA CORRECTIONAL FACILITY,<br><br>　　　　Defendant. | Case No.  1:24-cv-00009-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXCEPTION TO THE DUTY TO EXHAUST REQUIREMENT<br>(ECF No. 11)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 10)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Joshua Robertson ("Plaintiff") is a former pretrial detainee and current civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 6, 2024, the Court screened the first amended complaint and found that while Plaintiff may be able to state a claim, the face of the first amended complaint states that he did not exhaust his administrative remedies.  (ECF No. 9.)  The Court granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty days.  (*Id.*)

　　　　Currently before the Court is Plaintiff's motion for an extension of time to file his second amended complaint and motion for an exception to the duty to exhaust requirement, filed May 30, 2024.  (ECF Nos. 10, 11.)  Plaintiff states that he did not receive the Court's screening order until May 20, 2024, due to delays in the mail-room and distribution of Plaintiff's legal mail.  Plaintiff

1  therefore requests an extension until June 25, 2024 to submit his second amended complaint.
2  (ECF No. 10.)  Plaintiff further argues that he should be exempted from the duty to exhaust
3  requirement under the Prison Litigation Reform Act ("PLRA") because at the time he filed this
4  action he was a civil detainee in a hospital, not an inmate confined in any jail, prison, or other
5  correctional facility.  (ECF No. 11.)

6  At the pleading stage, Plaintiff's motion for an exemption from the duty to exhaust
7  requirement under the PLRA is granted.  Based on the complaint, which includes a Department of
8  State Hospitals address for Plaintiff's mailing address, as well as Plaintiff's allegations in the
9  instant motion, it appears that although Plaintiff was a pretrial detainee at the time of the incident
10 at issue, Plaintiff was a civil detainee at the time the complaint was filed.  *Talamantes v. Leyva*,
11 575 F.3d 1021, 1023 (9th Cir. 2009) (exhaustion requirement applies only to persons who are
12 prisoners, as defined by the PLRA, at the time the action is filed).  Therefore, based on the
13 information available to the Court at the screening stage, the Court will not impose the PLRA's
14 exhaustion requirement.[1]

15 Furthermore, having considered the request, Plaintiff has shown good cause for the
16 requested extension of time.  Fed. R. Civ. P. 6(b).  The Court finds that an extension of thirty days
17 is appropriate under the circumstances.

18 Plaintiff is reminded that his second amended complaint should be brief, Fed. R. Civ. P.
19 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's
20 constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true,
21 the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
22 level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

23 Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
24 claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
25 "buckshot" complaints).

26 ///

---

[1] This does not preclude the filing of a later motion asserting the affirmative defense of failure to exhaust administrative remedies, if further information becomes available that Plaintiff qualified as a prisoner at the time the action was filed.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for exception from the duty to exhaust requirement under the PLRA, (ECF No. 11), is GRANTED;
2. Plaintiff's motion for extension of time, (ECF No. 10), is GRANTED;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court's May 6, 2024 screening order (or file a notice of voluntary dismissal); and
4. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **May 31, 2024**          /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

3