1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN LATORRACA CORRECTIONAL FACILITY,<br><br>            Defendants. | No.  1:24-cv-00009-JLT-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 15) |

Plaintiff Joshua Robertson is a former pretrial detainee and current civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 21, 2024, the assigned magistrate judge screened Plaintiff's second amended complaint, filed June 10, 2024, and found that Plaintiff stated the following cognizable claims: (1) Due Process violation for conditions of confinement related to the cell sanitation against Defendants Gutierrez, Sandoval, Jonathan Doe, Miguel Doe, Reid, and Jane Doe; (2) Due Process violation for conditions of confinement related to removal of the mattress against Defendant Gutierrez; and (3) *Monell* liability against Merced County and John Latorraca Correctional Center.  (Doc. 15.)  The magistrate judge further recommended that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.  (*Id.*)  The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen days after service.  (*Id.*)  On July 19, 2024,

1

following an extension of time, Plaintiff timely filed objections. (Doc 20.) Before the Court could consider the objections, Plaintiff lodged a third amended complaint, which varies very little from his earlier complaint.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. However, the Court notes that in the Second and Third Amended Complaints, Plaintiff indicates that he threw his own feces "at the door" of the cell (Doc. 23 at 6 ¶ 50) and there was feces on the window when he spoke to Defendant Sandoval (*Id*. at 7 ¶ 54). Plaintiff states that he threw the feces to try to "get the attention of a deputy" or another staff member, not because he was having a medical emergency. The Court agrees with the Magistrate Judge that the fact that the plaintiff did not respond to questions because he "shut down," alone is not sufficient to demonstrate that the defendants understood that this was due to a mental health crisis. Finally, there are no facts alleged, even in the lodged Third Amended Complaint, that this mental distress caused him physical injury. (42 U.S.C. § 1997e(e) [To recover damages for an emotional injury, the prisoner must first demonstrate they suffered from a physical injury.]) Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Findings and Recommendations issued on June 21, 2024, (Doc. 15), are **ADOPTED IN FULL**.

2. This action shall proceed on Plaintiff's second amended complaint, filed June 10, 2024, (Doc. 13), against:

   a. Defendants Gutierrez, Sandoval, Jonathan Doe, Miguel Doe, Reid, and Jane Doe for Due Process violation for conditions of confinement related to the cell sanitation;

   b. Defendant Gutierrez for Due Process violation for conditions of confinement related to removal of the mattress; and

   c. Defendants Merced County and John Latorraca Correctional Center for *Monell* liability;

1    3.  All other claims and defendants are dismissed from this action for failure to state claims

2        upon which relief may be granted; and

3    4.  This action is referred to the Magistrate Judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **May 21, 2025**

UNITED STATES DISTRICT JUDGE

3