# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN LATORRACA CORRECTIONAL FACILITY, *et al.*,<br><br>    Defendants. | Case No.  1:24-cv-00009-JLT-BAM (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO CHANGE STATUS TO NON-PRISONER PRO SE LITIGANT<br><br>(ECF No. 28) |

Plaintiff Joshua Robertson ("Plaintiff") is a former pretrial detainee and current civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Gutierrez, Sandoval, Jonathan Doe, Miguel Doe, Reid, and Jane Doe for Due Process violation for conditions of confinement related to the cell sanitation; (2) Defendant Gutierrez for Due Process violation for conditions of confinement related to removal of the mattress; and (3) Defendants Merced County and John Latorraca Correctional Facility for *Monell* liability.  The Court has directed Plaintiff to file completed service documents for all named defendants and to provide further identifying information for Defendants Jonathan Doe, Miguel Doe, and Jane Doe for service of process.  (ECF Nos. 26, 27.)

Currently before the Court is Plaintiff's motion to change status to non-prisoner pro se litigant, filed June 6, 2025.  (ECF No. 28.)  In his motion, Plaintiff states that he submitted this

1

motion one year ago and never received a ruling.  Plaintiff requests that the Court to update the classification of his case to accurately reflect his status as a civil detainee at all times giving rise to this action.  Plaintiff states that the original motion argued as follows:

> *Plaintiff errantly filed the action in the above caption under "prisoner" status. However, Plaintiff was not at anytime relevant to the filing of this action a prisoner; Plaintiff was a civil detainee.  It is not the status of the litigant at the time that the events giving rise to the lawsuit occurred that dictates her status.  It is the status of the litigant at the time that the action is filed that dictates his status.*  Talamantes v. Leyva, 575 F.3d 1021, 1023 (9 Cir. 2009) holding that the exhaustion requirement applies only to persons who are prisoners as defined by the P.L.R.A. at the time the action is filed.
>
> *Wherefore, Plaintiff respectfully prays that the Court amend his prisoner status to non-prisoner to prevent him from being bound by the physical injury requirement pursuant to Section § 1997e(e) of the Prison Litigation Reform Act.*
>
> *Respectfully Submitted,*
> *June 28, 2024*

(*Id.* at 1–2 (unedited text).)

The Court first notes that no motion presenting the above arguments was ever received, (*see* docket, generally), though Plaintiff previously raised concerns regarding application of the exhaustion requirement to this action.  Based on the information available to the Court at the screening stage, Plaintiff's motion for an exemption from the exhaustion requirement was granted.[1]  (ECF Nos. 11, 12.)  Therefore, to the extent Plaintiff is again requesting exemption from the exhaustion requirement, the request is granted on the grounds previously discussed.  (ECF No. 12.)

To the extent Plaintiff contends that he should be exempt from the physical injury requirement of the Prison Litigation Reform Act, the Court declines to grant Plaintiff's request at this time.  While the Court agrees that Plaintiff was a civil detainee at the time this action was filed, Plaintiff repeatedly and consistently alleges that he was a pretrial detainee at the time of the events at issue.  (*See* ECF Nos. 1, 13, 23.)  It is also unclear whether Plaintiff is seeking recovery

---

[1] The Court further noted, however, that the order did not preclude the filing of a later motion asserting the affirmative defense of failure to exhaust administrative remedies, if further information becomes available that Plaintiff qualified as a prisoner at the time the action was filed.  (ECF No. 12, n.1.)

2

of damages for mental or emotional injury suffered while in custody, without a prior showing of physical injury, such that the PLRA's physical injury requirement would present an actual issue in this action. Unless and until the physical injury requirement becomes an issue in this case, and until Defendants have had the opportunity to respond to Plaintiff's arguments, the Court declines to grant Plaintiff's request to prevent him from being bound by the physical injury requirement of the PLRA.

Accordingly, Plaintiff's motion to change status to non-prisoner pro se litigant, (ECF No. 28), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 9, 2025**                              /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE