# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>              Plaintiff,<br><br>       v.<br><br>JOHN LATORRACA CORRECTIONAL FACILITY, *et al.*,<br><br>              Defendants. | Case No. 1:24-cv-00009-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS JONATHAN DOE, MIGUEL DOE, AND JANE DOE<br><br>(ECF No. 26)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Procedural History**

Plaintiff Joshua Robertson ("Plaintiff") is a former pretrial detainee and current civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Gutierrez, Sandoval, Jonathan Doe, Miguel Doe, Reid, and Jane Doe for Due Process violation for conditions of confinement related to the cell sanitation; (2) Defendant Gutierrez for Due Process violation for conditions of confinement related to removal of the mattress; and (3) Defendants Merced County and John Latorraca Correctional Facility for *Monell* liability.

The Court did not find service appropriate for Defendants Jonathan Doe, Miguel Doe, and Jane Doe, and ordered Plaintiff to file a motion to substitute the identities of Defendants Jonathan Doe, Miguel Doe, and Jane Doe with enough information to locate them for service of process. (ECF No. 26.) Plaintiff was warned that the if he failed to comply with the Court's order, then

the Court would dismiss any unidentified defendants from this action, without prejudice, for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m).  (*Id.* at 2.)

The deadline for Plaintiff's response to the Court's May 27, 2025 order has expired.  To date, Plaintiff has not filed a motion to substitute the identities of Defendants Jonathan Doe, Miguel Doe, and Jane Doe or otherwise complied with the Court's order.

**II.    Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3).  "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 F. App'x. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84.  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effectuate service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421–22.

Plaintiff has been granted an opportunity to provide sufficient information to identify Defendants Jonathan Doe, Miguel Doe, and Jane Doe so the United States Marshal may serve the summons and complaint.  Despite a warning that failure to do so would result in dismissal of the unidentified defendants from this action, Plaintiff has not complied with the Court's order.  In addition, Plaintiff has failed to set forth good cause for his failure to identify Defendants Jonathan

Doe, Miguel Doe, and Jane Doe, and has failed to provide any explanation detailing the efforts he has taken to locate the names of these defendants.

### III.   Recommendation

Accordingly, the Court HEREBY RECOMMENDS that Defendants Jonathan Doe, Miguel Doe, and Jane Doe be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 5, 2025**         /s/ *Barbara A. McAuliffe*         
                                        UNITED STATES MAGISTRATE JUDGE