UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN LATORRACA CORRECTIONAL FACILITY, *et al.*,<br><br>                    Defendants. | Case No.  1:24-cv-00009-FJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTIONS TO COMPEL (ECF No. 56)<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE PLAINTIFF'S MOTIONS TO COMPEL (ECF Nos. 50, 52)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO MODIFY SCHEDULING ORDER AS UNOPPOSED (ECF Nos. 49, 55)<br><br>Deadline to Amend Pleadings: June 17, 2026<br>Exhaustion Motion Deadline: July 17, 2026<br>Discovery Deadline: November 16, 2026<br>Dispositive Motion Deadline: January 28, 2027 |

Plaintiff Joshua Robertson ("Plaintiff") is a former pretrial detainee and current civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Gutierrez, Sandoval, and Reed for a Due Process violation for conditions of confinement related to cell sanitation; (2) Defendant Gutierrez for a Due Process violation for conditions of confinement related to removal of the mattress; and (3) Defendants Merced County and John Latorraca Correctional Facility for *Monell* liability.  All parties have consented to Magistrate

1

Judge jurisdiction.  (ECF No. 43.)

On March 2, 2026, Plaintiff filed a motion to modify the scheduling order and a motion to compel discovery answers.  (ECF Nos. 49, 50.)  Plaintiff filed a second motion to compel discovery answers on March 4, 2026.  (ECF No. 52.)

The Court issued an order directing the parties to meet and confer regarding the discovery dispute and possible modification of the scheduling order and to file a joint statement following the parties' conference.  (ECF Nos. 51, 53.)  The Court further stayed briefing on Plaintiff's motions pending the outcome of the parties' meet and confer.  (*Id.*)

On March 18, 2026, Plaintiff filed a motion to subpoena California Medical Group/Wellpath, a renewed motion to modify the scheduling order, and a motion to withdraw his prior motions to compel.  (ECF Nos. 54–56.)  On March 26, 2026, Defendants filed the parties' joint statement, signed by Plaintiff and counsel for Defendants.  (ECF No. 58.)  The parties indicate that they met and conferred by telephone on March 12, 2026, and March 13, 2026. During the meet and confer, Plaintiff agreed to withdraw both motions to compel and Defendants' counsel agreed to provide Plaintiff with the address and contact information for Defendants' contracted medical provider, California Forensic Medical Group/WellPath.  Defendants' counsel provided the requested contact information to Plaintiff by telephone on March 13, 2026. Defendants further do not oppose Plaintiff's motion for an extension of the deadline to amend the pleadings and do not object to an extension of at least sixty days.  The parties further request that, in light of the parties' agreement to extend the deadline to amend the pleadings, the discovery deadline be continued at least one hundred and twenty days.  (*Id.*)

Consequently, the Court finds that further briefing is unnecessary and deems as submitted Plaintiff's motions to compel, motions to modify the scheduling order, and motion to withdraw motions to compel.[1]  Local Rule 230(l).

//

---

[1] The Court will address Plaintiff's motion to subpoena California Medical Group/Wellpath, (ECF No. 54), by separate order.

2

The Court appreciates the parties' efforts and willingness to resolve this discovery dispute without further briefing on the motions to compel and motions to modify the scheduling order. Pursuant to the agreement of the parties and Plaintiff's subsequent motion, Plaintiff's motion to withdraw the motions to compel is granted and the motions to compel are terminated.

Further, the parties' request to extend the amended pleadings and discovery deadlines is granted. With the extension of these deadlines, the Court also finds it appropriate to extend the deadlines for the filing of dispositive motions, including any motions for summary judgment for failure to exhaust administrative remedies.[2]

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to withdraw motions to compel, (ECF No. 56), is GRANTED;

2. The Clerk of the Court is DIRECTED to terminate Plaintiff's motions to compel, (ECF Nos. 50, 52);

3. Plaintiff's motions to modify the scheduling order, (ECF Nos. 49, 55), are GRANTED, as unopposed;

4. All stipulated amendments or motions to amend shall be filed by June 17, 2026;

5. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is July 17, 2026;

6. The deadline for the completion of all discovery, including filing all motions to compel discovery, is November 16, 2026;

7. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is January 28, 2027;

8. All other requirements set forth in the Court's October 6, 2025, discovery and scheduling order, (ECF No. 38), remain in place; and

---

[2] The Court again notes that any motion for summary judgment raising the affirmative defense of failure to exhaust administrative remedies should also address the Court's prior finding that, based on the information available to the Court at the screening stage indicating that Plaintiff was a civil detainee at the time the complaint was filed, Plaintiff is exempt from the Prison Litigation Reform Act's exhaustion requirement. (ECF Nos. 12, 48); *Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) (exhaustion requirement applies only to persons who are prisoners, as defined by the PLRA, at the time the action is filed).

9. A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.

IT IS SO ORDERED.

Dated:   **April 9, 2026**

_____

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE