UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ROBERTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN LATORRACA CORRECTIONAL FACILITY, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00009-FJS (PC)<br><br>ORDER SETTING VIDEO HEARING ON PLAINTIFF'S MOTION TO SUBPOENA THIRD PARTY CALIFORNIA MEDICAL GROUP/WELLPATH<br><br>(ECF No. 54)<br><br>Date: <u>Wednesday, May 27, 2026</u><br>Time: <u>10:30 a.m.</u> |

I.  <u>PROCEDURAL BACKGROUND</u>

Plaintiff Joshua Robertson ("Plaintiff") is a former pretrial detainee and current civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Gutierrez, Sandoval, and Reed for a Due Process violation for conditions of confinement related to cell sanitation; (2) Defendant Gutierrez for a Due Process violation for conditions of confinement related to removal of the mattress; and (3) Defendants Merced County and John Latorraca Correctional Facility ("JLCF") for *Monell* liability. All parties have consented to magistrate judge jurisdiction. (ECF No. 43.)

On March 2, 2026, Plaintiff filed a motion to modify the scheduling order and a motion to compel discovery answers. (ECF Nos. 49, 50.) Plaintiff filed a second motion to compel discovery answers on March 4, 2026. (ECF No. 52.)

The Court issued an order directing the parties to meet and confer regarding the discovery dispute and possible modification of the scheduling order and to file a joint statement following the parties' conference. (ECF Nos. 51, 53.) The Court further stayed briefing on Plaintiff's motions pending the outcome of the parties' meet and confer. (*Id.*)

On March 18, 2026, Plaintiff filed a motion to subpoena California Medical Group/Wellpath, a renewed motion to modify the scheduling order, and a motion to withdraw his prior motions to compel. (ECF Nos. 54–56.) On March 26, 2026, Defendants filed the parties' joint statement, signed by Plaintiff and counsel for Defendants, regarding the parties' March 12, 2026, and March 13, 2026, telephonic discussions. (ECF No. 58.) Pursuant to Plaintiff's March 18, 2026, motions and the parties' joint statement, the Court granted Plaintiff's motion to withdraw the motions to compel and Plaintiff's motions to modify the scheduling order as unopposed. (ECF No. 59.) The Court indicated that it would address Plaintiff's motion for a subpoena, (ECF No. 54), by separate order. (*Id.*)

II.    PLAINTIFF'S MOTION FOR SUBPOENA

In his motion, Plaintiff states that during the parties' March 13, 2026, meet and confer, the parties agreed that Plaintiff would need to subpoena Defendant's contracted medical provider, California Forensic Medical Group/WellPath ("CFMG"), to obtain the identity of a John Doe defendant. (ECF No. 54.) Plaintiff contends that the proposed subpoena is narrowly tailored and for the sole purpose of identifying a John Doe defendant. Plaintiff states that "Defendant's January 8, 2026, discovery answers indicated that they do not have information regarding the identities of CFMG's contracted medical employees." (*Id.* at 2.) Plaintiff concludes that he has no other means of obtaining the identity of the John Doe defendant except by subpoenaing "the identities, affiliation, and job titles of all of the contracted medical and mental-health employees that CFMG provided to Defendant JLCF in 2023–the time of the events giving rise to this lawsuit." (*Id.*)

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure

2

45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." However, before a subpoena can be issued, the court must ensure that the party serving the subpoena has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity to be served with the subpoena. Fed. R. Civ. P. 45(d)(1); *see Austin v. Winett*, No. 1:04-cv-05104-DLB-PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 11, 2008) ("Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court.").

In addition, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents. Fed. R. Civ. P. 34. A request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party.

A.    Specific Documents Sought

Plaintiff's request for "the identities, affiliation, and job titles of all of the contracted medical and mental-health employees that CFMG provided to Defendant JLCF in 2023," (ECF No. 54, p. 2), does not identify specific documents to be produced. The request appears most similar to an interrogatory.

A Rule 45 subpoena cannot be used to require third parties to respond to interrogatories. *See Eichler v. Sherbin*, 520 Fed. Appx. 560, 562 (9th Cir. 2013) ("The district court did not abuse its discretion in denying Eichler's motion to compel responses to interrogatories by non-parties."); *United States v. Dollison*, No. 309CR000106SLGDMS, 2017 WL 3873698, at *8 n.6 (D. Alaska Sept. 4, 2017) ("Because [the witness] is not a party to this case, he is not subject to requests for interrogatories."). Instead, a subpoena served upon a third party may seek only: (1) testimony; (2) the production of documents; or (3) inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii).

Even assuming Plaintiff's request sought the production of specific documents (for example, payroll records for all CFMG medical and mental-health employees contracted to Defendant JLCF in 2023, or sign-in sheets for all medical and mental-health employees who

entered the medical building at JLCF in 2023), as currently drafted, the Court finds that the request is not proportional to Plaintiff's stated need of identifying the John Doe defendant(s).

Although Plaintiff did not specifically reference his discovery requests, Plaintiff sought similar identifying information in his November 23, 2025, interrogatories to Defendant JLCF. (ECF No. 52, pp. 7–9.) Though an interrogatory rather than a request for production of documents, Plaintiff requested information narrowly tailored to the identification of the last names of two individuals.[1] Plaintiff's subpoena to CFMG, on the other hand, seeks the identities,

---

[1] The relevant interrogatory states as follows:

> 5    Please provide the last name of each of the following people:
> (1) **Johnathan Doe**
> Physical Description: White male, lean build, brown hair, approximately mid-thirties in appearance, approximately 6'2 tall.
> Job description: In 2023, Johnathan Doe was a mental health worker who would visit certain civil detainees who took "psyche [sic] meds" or were listed as having mental-health problems or who requested mental-health assistance.
> Johnathan Doe would visit the civil detainees who were experiencing psychiatric/psychological distress in their dorms or safety cells.
> Johnathan Doe would also visit civil detainees in their safety cells and ask if they had suicidal or homicidal ideation by asking, "Are you feeling suicidal? Are you feeling homicidal?"
> Some of Johnathan Doe's other job duties included visiting civil detainees in their safety cells to document their progress and clearing civil detainees to be released from their safety cells.
> Johnathan Doe also would facilitate the "telepsyche" [sic] appointments between the civil detainees and the psychiatrist via Skype or Zoom in an office in the medical building at JLCF.
> (2) **Miguel Doe**
> Physical Description: Hispanic male, heavy build, black hair, approximately mid to late-thirties in appearance, approximately 6'1 tall.
> Job Description: In 2023, Miguel Doe was a mental health worker who would visit civil detainees who were experiencing psychiatric/psychological distress in their dorms or safety cells and ask if they had suicidal or homicidal ideation by asking, "Are you feeling suicidal? Are you feeling Homicidal?"
> Defendant JLCF should be able to identify Johnathan and Miguel Doe based upon the physical descriptions and job descriptions provided and the fact that there was only one mental health worker whose first name was "Johnathan" and only one mental health worker whose first name was "Miguel" employed at JLCF who fit the foregoing physical descriptions and job descriptions during the time of the events giving rise to this action.

(ECF No. 52, pp. 8–9.)

affiliation, and job titles of *all* CFMG medical and mental-health employees contracted to Defendant JLCF during the year 2023. The Court finds that any documents responsive to Plaintiff's current request would go well beyond the information required to merely obtain the last names of the two unidentified defendants and would be potentially unduly burdensome to non-party CFMG. *See* Fed. R. Civ. P. 45 (d)(3).

> B.    Records Only Obtainable Through Third Party

While Plaintiff indicates he received Defendant's January 8, 2026, discovery answers, those responses are not included in the record before the Court. Accordingly, the only information before the Court is Plaintiff's statement that Defendants "do not have information regarding the identities of CFMG's contracted medical employees." (ECF No. 54, p. 2.)[2] With this limited record, the Court cannot determine whether the information sought is obtainable from Defendant JLCF or any other defendant, or only from third party CFMG.

III.    HEARING ON PLAINTIFF'S MOTION FOR SUBPOENA

Based on the foregoing, the Court finds it appropriate to schedule a hearing on Plaintiff's motion for subpoena. *See* Local Rule 230(l).

While no further briefing on the motion is necessary, the parties should attend the hearing prepared to address the issues noted above. In particular, Defendants should be prepared to address Plaintiff's characterization of their discovery responses with respect to any identifying information regarding the two Doe defendants, as specified in Plaintiff's Interrogatory No. 5 to Defendant JLCF. Defendants should also be prepared to discuss what categories of records in their possession, custody, or control, if any, tend to show the identities of the two Doe defendants. Plaintiff should be prepared to address whether his request for subpoena to non-party CFMG can be narrowed to a request for specific documents, obtainable only from CFMG, that will assist Plaintiff in identifying the two Doe defendants.

///

---

[2] Defendants are reminded that, should they disagree with Plaintiff's understanding or characterization of their responses, Defendants are obligated to correct the record or otherwise supplement their responses.

IV.    ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is SET for a video hearing, via the Zoom videoconferencing application, on Plaintiff's motion for subpoena, (ECF No. 54), on <u>Wednesday, May 27, 2026, at 10:30 a.m.</u>, before the undersigned;

2. <u>Counsel for Defendants is required to arrange for Plaintiff's participation by contacting the litigation coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time</u>; and

3. If Plaintiff or counsel for Defendants is unable to attend during this date and time, counsel for Defendants should inform the Court <u>no later than April 27, 2026</u>, by contacting Courtroom Deputy Esther Valdez at evaldez@caed.uscourts.gov or (559) 499-5788 and proposing a new date and time when all parties are available.

IT IS SO ORDERED.

Dated:    **April 15, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

6