UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSHUA ROBERTSON,

Plaintiff,

v.

JOHN LATORRACA CORRECTIONAL FACILITY, *et al.*,

Defendants.

Case No. 1:24-cv-00009-FJS (PC)

ORDER GRANTING NUNC PRO TUNC PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION (ECF No. 71)

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 65)

Plaintiff Joshua Robertson ("Plaintiff") is a former pretrial detainee and current civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Gutierrez, Sandoval, and Reed for a Due Process violation for conditions of confinement related to cell sanitation; (2) Defendant Gutierrez for a Due Process violation for conditions of confinement related to removal of the mattress; and (3) Defendants Merced County and John Latorraca Correctional Facility ("JLCF") for Monell liability. All parties consented to magistrate judge jurisdiction. (ECF No. 43.)

On June 4, 2026, Plaintiff filed a motion for preliminary injunction and/or protective order. (ECF No. 65.) Defendants filed an opposition on June 29, 2026. (ECF No. 66.) On July 31, 2026, Plaintiff filed a motion for a thirty-day extension of time to file his reply brief, together

with his reply brief. (ECF Nos. 70, 71.) Plaintiff's motion for preliminary injunction is fully briefed. Local Rule 230(l).

I. PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY

In his motion for extension of time, Plaintiff states that he did not receive Defendants' opposition to his motion for preliminary injunction until July 2, 2026. (ECF No. 71 at 1.) Plaintiff states that upon receiving Defendants' opposition, he drafted his response and saved it on his flash drive. But when Plaintiff was moved to another unit, his flash drive was lost in transit. Plaintiff was unable to recreate the document on a replacement flash drive until July 28, 2026. Plaintiff therefore requests a 30-day continuance, until August 3, 2026, to submit his reply brief.

Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), Plaintiff's reply was due on or before July 16, 2026.[1] Although Defendants have not had the opportunity to file a response to Plaintiff's motion for extension of time, the court finds a response is unnecessary, and the motion is deemed submitted. Local Rule 230(l).

As Plaintiff promptly submitted his reply brief together with his motion for extension of time and the delay was due to factors outside Plaintiff's control, the court finds good cause to grant Plaintiff's motion for extension of time, nunc pro tunc. Plaintiff's reply brief is accepted as timely filed.

II. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

A. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction

[1] In his motion, Plaintiff states that his reply brief was due 7 days from the date of Defendants' opposition brief. But Local Rule 230(l) provides that reply briefs are due "not more than fourteen (14) days after the opposition has been filed in CM/ECF." Local Rule 230(l).

may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

B. <u>Parties' Positions</u>

In his motion, Plaintiff states that in January 2024, he filed the instant lawsuit against the Merced County Jail, multiple deputies and medical staff members for conditions of confinement violations that Plaintiff alleged were retaliatory in nature. (ECF No. 65 at 1.) Plaintiff was committed as a civil detainee to Napa State Hospital in October 2024. On June 6, 2026, Plaintiff will resume litigating the criminal matter for which he was originally detained in the Merced County Jail prior to his transfer to Napa State Hospital. Plaintiff asserts that Merced County will attempt to take Plaintiff back into custody at the location where Plaintiff alleges the retaliatory violations occurred and where his safety will be entrusted to the same deputies and medical staff named in this lawsuit. Plaintiff states he has litigated his criminal case since 2024 from Napa State Hospital via Zoom and asks the court to issue an order that Plaintiff be allowed to continue

his criminal court proceeding from Napa State Hospital. (*Id.* at 2.) Plaintiff argues that he will suffer irreparable injury due to alleged retaliatory acts by Merced County deputies that occurred prior to the filing of the instant lawsuit, indicating a substantial risk that they will engage in further potentially life-threatening retaliatory acts in the future. (*Id.* at 2–3.) Plaintiff further contends that restraining Defendants from taking Plaintiff back into custody will benefit Defendants, because they will not need to expend resources to provide Plaintiff with transportation, food, housing, or medical care. (*Id.* at 4.) Finally, Plaintiff argues that the public has no interest in exposing pretrial detainees to a substantial risk of serious injury or death due to retaliatory behavior at the hands of the Sheriff's Department. (*Id.*)

Defendants oppose the motion, arguing that it was filed in the wrong forum and proceeds under inapplicable federal standards. (ECF No. 66.) The court grants Defendants request for judicial notice of the register of actions for Plaintiff's pending criminal case, *People v. Joshua David Robertson*, Case Number 22CR-02752, Superior Court of California, County of Merced.[2] (*Id.* at 9–71.) Plaintiff entered dual pleas of not guilty and not guilty by reason of insanity. The superior court subsequently found Plaintiff was insane at the time of the offenses alleged in the information and found Plaintiff to be not guilty by reason of insanity. (*Id.* at 21–23, 37.) Plaintiff was transported into the care of the Department of State Hospitals on October 5, 2023. (*Id.* at 43.) On May 6, 2026, Plaintiff filed a motion to withdraw his plea in the criminal case, which was set for hearing on August 6, 2026, before the Superior Court, County of Merced. (*Id.* at 70.) Defendants contend that *Younger* abstention bars a preliminary injunction directing how Plaintiff's ongoing state criminal prosecution will proceed. Plaintiff can raise his constitutional concerns regarding his custody, transport, safety conditions, or remote appearance, in the state forum. Defendants argue that Plaintiff fails to establish bad faith prosecution, harassment, or the absence of an adequate state forum, and thus *Younger* bars federal injunctive relief.

In reply, Plaintiff contends that *Younger* abstention does not apply because the requested preliminary injunction will not stop, stay, or enjoin Plaintiff's criminal prosecution, and will only

[2] The Court may take judicial notice of state court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Kasey v. Molybdenum Corp. of Amer.*, 336 F.2d 560, 563 (9th Cir. 1964).

affect how Plaintiff would appear. (ECF No. 70.) Plaintiff asserts that Defendants' failure to deny Plaintiff's allegations regarding past threats to Plaintiff's safety in the past or to offer any assurances of Plaintiff's safety in the future should be construed as Defendants concurring that Plaintiff would be at substantial risk of irreparable harm if taken back to Merced County Jail. (*Id.* at 3.) Further, Plaintiff argues that he does not have an adequate remedy at law in state court, because after Plaintiff informed all parties that he was moving to reverse his plea, the district attorney indicated that Plaintiff would immediately be taken back into custody and the trial judge did not disagree. (*Id.* at 5.) Finally, even if Plaintiff could appeal to the California Court of Appeals, Plaintiff argues that the process would take months or years, resulting in irreparable harm to Plaintiff. (*Id.*)

C. <u>Discussion</u>

The court is persuaded that although Plaintiff is not asking to "stop," "stay," or "enjoin" his pending criminal prosecution, *Younger* abstention should apply to Plaintiff's motion for injunctive relief.

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). A court may consider *sua sponte* whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings"); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under *Younger* when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." *Escobar v. LASD Male Doe*,

No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

Plaintiff repeatedly asserts that his criminal prosecution will not be impeded if he continues to appear remotely, as he has done since his 2023 transfer to Napa State Hospital. Indeed, the register of actions for Plaintiff's criminal action confirms that the superior court explicitly permitted Plaintiff to appear through counsel or remotely at each of his court appearances since 2023. (*See* ECF No. 66 at 43–70.) This record, however, belies Plaintiff's contention that he has no adequate remedy before the state court. Nothing in the record before the court indicates that Plaintiff made any objection, before the state court, to being taken back into custody during the pendency of his criminal case. (*See* ECF No. 70 at 5; ECF No. 66 at 70.) Had Plaintiff made such an objection, or a request to continue appearing remotely, the state court would have had an opportunity to grant Plaintiff his requested relief.

Furthermore, Plaintiff contends that his interests in protecting his safety and preserving his life outweigh any interest of Defendants in prosecuting Plaintiff in a location that they do not deny would pose an immediate threat to Plaintiff's safety. But the court is not persuaded that these are the only interests implicated. By moving for injunctive relief before the instant court, rather than before the state court, Plaintiff deprived the trial judge of the opportunity to adequately consider whether granting Plaintiff's request would implicate the State of California's important interest in ensuring the integrity of its criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Likewise, the state court would have the opportunity to consider any constitutional issues or safety concerns Plaintiff chose to raise in relation to his request. *See Pennzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Accordingly, principles of judicial comity preclude the issuance of the requested injunctive relief.

Even assuming *Younger* abstention is inapplicable in this context, Plaintiff has not met the

requirements for the injunctive relief he seeks in this motion. This action proceeds only on Plaintiff's due process and *Monell* liability claims for conditions of confinement related to cell sanitation and the removal of Plaintiff's mattress from his cell. Plaintiff failed to state a cognizable claim in this action for any claims related to retaliation or threats to Plaintiff's life or physical safety. (*See* ECF Nos. 15, 24.) Absent a relationship between the requested preliminary injunctive relief and the underlying complaint such that the preliminary injunction would grant "relief of the same character as that which may be granted finally," the court lacks authority to grant the relief requested. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)).

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that Plaintiff cannot use this lawsuit to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

III. ORDER

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time to file a reply brief to Defendants' opposition, (ECF No. 71), is GRANTED, nunc pro tunc; and
2. Plaintiff's motion for preliminary injunction, (ECF No. 65), is DENIED.

IT IS SO ORDERED.

Dated: **August 11, 2026**

UNITED STATES MAGISTRATE JUDGE